IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABDUL NADEEM KHAN**,                    Case Nos. 1:15 CV 2014
                                                                      1:16 CV 85

     Petitioner,                               Judge Donald C. Nugent

                                                                      REPORT AND RECOMMENDATION

       v.

**ATTORNEY GENERAL OF THE**
**UNITED STATES, et al.,**                 Magistrate Judge James R. Knepp, II

     Respondent.

### INTRODUCTION

*Pro se* Petitioner Abdul Nadeem Khan, a prisoner in federal custody awaiting removal, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 28, 2015. (Doc. 1). Before the Court could take action on this petition, Petitioner filed a second, almost identical, Petition for Writ of Habeas Corpus on January 13, 2016. (*See* Case No. 1:16 CV 85; Doc. 1). In both cases, Petitioner filed Motions for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), requesting the Court appoint counsel. (*See* Case No. 15 CV 2014; Doc. 6 and Case No. 16 CV 85; Doc. 2). Again, before further action could be taken, Respondent filed a Motion to Dismiss the Petition as moot on April 6, 2016, because Petitioner had been released from custody.[1] (Doc. 12). The Petitioner did not oppose the Respondent's motion.

The district court has jurisdiction over the Petitions under § 2241. This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Case No. 15 CV 2014; non-document Order November 23, 2015 and Case No. 16 CV 85; Doc.

---

1. The Respondent did not file a similar Motion to Dismiss in Case No. 16 CV 85.

5). As discussed below, the undersigned denies the Motions to Appoint Counsel and recommends granting the Motion to Dismiss in Case No. 15 CV 2014.  The undersigned also recommends *sua sponte* dismissing Case No. 16 CV 85 as it presents an identical request for relief which, for the reasons state below, is now moot.

### FACTUAL BACKGROUND

Petitioner is a native and citizen of Pakistan. He received a final order of removal on June 22, 2015, and waived his right to appeal. On or about September 16, 2015, ICE reviewed Petitioner's file and a Decision to Continue Detention. The Decision informed Petitioner that ICE had requested a travel document on his behalf from the Pakistan Consulate in Chicago and expected the document to be issued in the near future. On December 30, 2015, ICE reviewed Petitioner's custody status and issued a second Decision to Continue Detention informing Petitioner that he would not be released because ICE expected a travel document for his removal to be issued by the government of Pakistan. On or about January 8, 2016, the Pakistan Consulate in Chicago confirmed that Petitioner's travel document request was currently under final review by the Ministry of the Interior in Islamabad.

On April 5, 2016, Petitioner was released from ICE's custody pursuant to an Order of Supervision.

### ANALYSIS

Under Article III of the United States Constitution, federal courts may only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). During the entirety of the judicial proceedings, this case or controversy requirement must exist; thus, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.* Importantly, "[m]ootness results when events occur during the pendency of the litigation which renders the

court unable to grant the requested relief." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 756 (6th Cir. 2007) (citing *Berger v. Cuyahoga Cty. Bar Ass'n,* 983 F.2d 718, 724 (6th Cir. 1993)).

As relates to habeas, a district court lacks jurisdiction over the petition if the petitioner is not in government custody; therefore, the individual's release from custody generally moots a habeas petition. *Lane v. Williams*, 455 U.S. 624, 633 (1982). However, if the petitioner can establish the possibility that his injury—i.e., his detention—is "capable of repetition, yet evading review", the court can retain jurisdiction. *Id.* at 632-33.

In this case, Petitioner has made no such claim or allegation and thus, has failed his burden. His sole ground in habeas was that his continued detention by ICE was unlawful. As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy. Therefore, the undersigned recommends dismissing the Petition as moot. *See Willix v. Holder*, 2012 WL 463830 (W.D. Mich. 2012); *Beirutti v. Clawson*, 2009 WL 311077 (W.D. Mich. 2009).

For this reason, the undersigned recommends the Motion to Dismiss be GRANTED and subsequently, DENIES the Motions to Appoint Counsel as the cases are moot. The undersigned also recommends *sua sponte* dismissal of the related Petition filed in Case No. 16 CV 85.

IT IS SO ORDERED.

  s/James R. Knepp II
United States Magistrate Judge

*OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985).