# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL NADEEM KHAN | ) | CASE NO. 1:15 CV 2014 |
| | ) | 1:16 CV 85 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| UNITED STATES, et. al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. The Report and Recommendation (ECF # 13 in Case No. 1:15 CV 2014 and ECF # 6 in Case No. 1:16 CV 85), issued on May 17, 2016, is hereby ADOPTED by this Court.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the

> recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). The text of rule 72(b) addresses only the review of portions of reports to which timely objections have been made; it does not indicate the appropriate standard of review for portions of the report to which no objections have properly been made. The Advisory Committee on Civil Rules commented on the standard of review stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citations omitted).

## Discussion

The Court finds Magistrate Judge Knepp's Report and Recommendation to be thorough, well-written, well-supported, and correct. Petitioner has not filed any objections to the Report and Recommendation. As set forth by the Magistrate Judge in his Report and Recommendation, the factual and procedural history is as follows:

Petitioner is a native and citizen of Pakistan. He received a final order of removal on June 22, 2015, and waived his right to appeal. On or about September 16, 2015, ICE reviewed Petitioner's file and a Decision to Continue Detention. The Decision informed Petitioner that ICE had requested a travel document on his behalf from the Pakistan Consulate in Chicago and expected the document to be issued in the near future. On December 30, 2015, ICE reviewed Petitioner's custody status and issued a second Decision to Continue Detention informing Petitioner that he would not be released because ICE expected a travel document for his removal to be issued by the government of Pakistan. On or about January 8, 2016, the Pakistan Consulate in Chicago confirmed that Petitioner's travel document request was currently under final review

by the Ministry of the Interior in Islamabad. On April 5, 2016, Petitioner was released from ICE's custody pursuant to an Order of Supervision.

Petitioner, while a prisoner in federal custody awaiting removal, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF # 1; Case No. 1:15 CV 2014), on September 28, 2015. Before the Court could take action on the Petition, Petitioner filed a second, almost identical Petition for Writ of Habeas Corpus on January 13, 2016 (ECF # 1; Case No. 1:16 CV 85). In both cases, Petitioner filed Motions for Appointment of Counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), requesting the Court appoint counsel (ECF # 6 in Case No. 1:15 CV 2014 and ECF # 2 in 1:16 CV 85). Again, before action was taken, Respondent filed a Motion to Dismiss the Petition as moot on April 6, 2016, as Petitioner had been released from custody (ECF # 12; Case No. 1:15 CV 2014).

As Petitioner has received his requested relief, the Magistrate Judge recommends dismissing the Petitions as moot, denying the Petitioner's Motions to Appoint Counsel, and recommends the Motion to Dismiss in Case No. 1:15 CV 2014 be granted. Further, the Magistrate Judge recommends *sua sponte* that Case No. 1:16 CV 85 be dismissed as it presents an identical request for relief, which is now moot. The Petitioner has not filed any objections to the Report and Recommendation.

## Conclusion

For the foregoing reasons, the Report and Recommendation of Magistrate Judge James R. Knepp, II, (ECF # 13 in Case No. 1:15 CV 2014 and ECF # 6 in Case No. 1:16 CV 85), is hereby ADOPTED in its entirety. Petitioner's Writ of Habeas Corpus petitions are DISMISSED as moot, Petitioner's Motions to Appoint Counsel are DENIED, Respondent's Motion to Dismiss is GRANTED, and both Case Nos. 1:15 CV 2014 and 1:16 CV 85 are DISMISSED. For the

reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is an error or that Petitioner should be permitted to proceed further.

IT IS SO ORDERED.

                                                */s/Donald C. Nugent*
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: __July 25, 2016__